*Tuesday, September 24, 1991*
## MOTION DOCKET

**90–2544.** In re Election of November 6, 1990 for the Office of Attorney General of Ohio. This cause came on for further consideration upon the filing of contestee's motion to recover costs and contestor's application for return of bond.

In an entry dated August 21, 1991, the court ordered the contestee to file, within 15 days of the date of the order, any affidavits necessary to substantiate the amount of costs he incurred regarding certain expenses. The court further ordered that contestor could dispute the amounts claimed by contestee by filing counter-affidavits within 10 days of the contestee's filing. The court ordered that contestor's application for return of bond be held in abeyance until the court addressed the amount of costs owed.

On September 3, 1991, contestee filed a motion for allowable costs in the amount of $13,355.55 and an affidavit in support of the motion substantiating his costs for court reporter charges, video tape technician charges, and witness fees and mileage. Contestor has filed neither a response to contestee's motion for allowable costs nor counter-affidavits to dispute the amounts claimed by contestee. Upon consideration thereof,

IT IS ORDERED by the court that contestee's motion for allowable costs in the amount of $13,355.55 be, and hereby is, granted.

IT IS FURTHER ORDERED by the court that contestor's application for return of bond be, and hereby is, denied, and that the Clerk of the court is directed to deliver contestor's $10,000 cash bond to contestee.

IT IS FURTHER ORDERED that contestor shall pay to contestee the balance of the allowable costs in the amount of $3,355.55.

Douglas, J., not participating.

**91–1822.** MacDonald v. MacDonald. *Lake County*, No. 90–L–14–77. This cause is pending before the court on the filing of a motion for an order directing the Court of Appeals for Lake County to certify its record and as a claimed appeal as of right from said court. Upon consideration of appellant's motion for stay,

IT IS ORDERED by the court that said motion for stay be, and the same is hereby, denied.

**91–1845.** State, ex rel. Hinkle, v. Franklin Cty. Bd. of Elections. In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus. Upon consideration of the motion of Kathleen A. Herington to intervene as a respondent,

IT IS ORDERED by the court that said motion to intervene be, and the same is hereby, denied.

Holmes and Resnick, JJ., dissent.

**91–1845.** State, ex rel. Hinkle, v. Franklin Cty. Bd. of Elections. In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus. Upon consideration of relator's motion for protective order,

IT IS ORDERED by the court that said motion for protective order be, and the same is hereby, denied, effective September 23, 1991.

Holmes, J., dissents.

## MISCELLANEOUS DISMISSALS

**91–1536.** State v. Lindsay. *Hamilton County*, No. C–900651. *Sua sponte*, cause dismissed for want of prosecution, effective September 17, 1991.